IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM GEORGE DANIELS,
        Petitioner,

vs.                             3:07cv21/MCR/MD

LEGISLATIVE AUTHORITY, et al.
        Respondents.

---

## REPORT AND RECOMMENDATION

This cause is before the court upon petitioner's filing a pleading entitled "Civil Motion Pursuant to Federal Rules of Court, Rule 44(b), Coupled with Petition for Declaratory Judgment, 28 U.S.C. § 2201."  He has not paid a filing fee or submitted a motion for leave to proceed *in forma pauperis.*

Petitioner is an inmate serving a life sentence in the custody of the Florida Department of Corrections who is currently incarcerated at the Okaloosa Correctional Institution.  He purports to bring this action pursuant to Federal Rule 44(b)[1] and as a constitutional challenge to a state statute.  He concedes, however, that he actually seeks to challenge the validity of his current imprisonment, (doc. 1 at 2), and notes that his proper remedy may lie in the nature of habeas corpus pursuant to either 28 U.S.C. §2254 or 28 U.S.C. § 2241.

Petitioner contends that the statute under which he was charged, section 794.011(2), Florida Statutes, was constitutionally infirm upon its enactment. (Doc. 1 at 4, 6).  He contends that a declaratory judgment declaring chapter 794, Florida Statutes,

---

[1] Fed.R.Civ.P. 44 governs proof of official record, and section (b) governs situations where there is a lack of record.

unconstitutional is warranted.  His attempts to challenge the constitutionality of the statute in state court were unsuccessful, as were his appeals.  (Doc. 1, exh. 1a, 2, 16, & 18).  It appears from the pleadings and attachments thereto that the petitioner is essentially trying to appeal the state court's denial of the declaratory judgment action in this court.  There is no jurisdictional basis for such a challenge.  In his petition, petitioner cites Article 1, section 13 of the Florida Constitution, and sections 86.011 and 86.021, Florida Statutes as the jurisdictional basis for this action.  These provisions govern jurisdiction of state courts and procedures therein and do not afford jurisdiction to this federal court.  Petitioner cites *Murray v. Giarratano*, 492 U.S. 1, 13 (1989); *O'Neal v. McAninch*, 513 U.S. 432, 440 (1985), and *Thomas v. Dugger*, 548 So. 2d 230 (1988), but these cases are inapposite. *Giarratano* was a class action by death row inmates seeking appointed counsel for state post-conviction proceedings, *O'Neal* was the appeal of the denial of a state prisoner's federal petition for writ of habeas corpus, and *Thomas* was a challenge to state gain time computations.

As noted above, petitioner conceded in his "civil motion" that he seeks to challenge the validity of his continued confinement.  The Supreme Court stated in *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."  Regardless of the label a litigant may place on the action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim.  *Prather v. Norman*, 901 F.2d 915, 918-19 n.4 (11th Cir. 1990) (per curiam); *McKinnis v. Mosley*, 693 F.2d 1054, 1056-57 (11th Cir. 1982).  Therefore, because there is no basis for jurisdiction over this case, and the appropriate remedy appears to lie in habeas, the petitioner's "civil motion pursuant to Federal Rules of Court, Rule 44(b), coupled with petition for declaratory judgment, 28 U.S.C. 2201" should be denied and this case be dismissed without prejudice to petitioner's pursuit of the appropriate habeas remedy.

Accordingly, it is respectfully RECOMMENDED:

The petitioner's "civil motion pursuant to Federal Rules of Court, Rule 44(b), coupled with petition for declaratory judgment, 28 U.S.C. 2201" should be denied and this case be dismissed without prejudice to petitioner's pursuit of the appropriate habeas remedy.

At Pensacola, Florida, this 27th day of February, 2007.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).**